# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CECIL WAYNE GREGORY,     )
*an individual*,     )
     )
     Plaintiff,     )
     )
     v.     )     Case No.:  CIV-22-327-R
     )
LINDAMOOD HEAVY HAULING,     )
INC., *a foreign for-profit corporation*;     )
and JOHN RYAN THEOBALT, *an*     )
*individual*,     )
     )
     Defendants.     )

## COMPLAINT

COMES NOW, Plaintiff, Cecil Wayne Gregory ("Plaintiff"), by and through his counsel of record, Parrish DeVaughn, PLLC, and for his cause of action against Defendants, Lindamood Heavy Hauling Inc. ("Defendant Lindamood") and John Ryan Theobal ("Defendant Theobalt") (collectively "Defendants"), alleges and states as follows:

## PARTIES AND JURISDICTION

1.    This case arises out of a tractor-trailer and automobile collision that occurred on or about June 12, 2020, on Interstate-240, near the Pennsylvania Avenue exit, in Oklahoma City, Oklahoma.

2.    Plaintiff is a resident of Oklahoma City, Oklahoma.

3.    Upon information and belief, Defendant Lindamood is a foreign for-profit corporation with its principal place of business in Dallas County, Texas. Defendant

Lindamood may be served with process through its registered agent, Kayloa Lindamood, at 2020 South Nursery Road, Irving, Texas 75060.

4.      Upon information and belief, Defendant Theobalt is a resident of Waxahachie, Texas.

5.      Upon information and belief, Defendant Lindamood is registered with U.S. Department of Transportation under DOT number 2081882.

6.      Upon information and belief, at all times relevant hereto, Defendant Theobalt was an employee and/or agent of Defendant Lindamood and was acting within the course and scope of his employment/agency with Defendant Lindamood.

7.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

8.      Venue is proper in the United State District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1391.

## FACTS APPLICABLE TO ALL COUNTS

9.      On or about June 12, 2020, Plaintiff was traveling eastbound on Interstate-240, near the Pennsylvania Avenue exit, in Oklahoma City, Oklahoma.

10.      At the same time, Defendant Theobalt was also traveling eastbound on Interstate-240, directly behind Plaintiff's vehicle.

11.      Due to Defendant Theobalt's negligence, gross negligence, and/or recklessness, Plaintiff's vehicle was unexpectedly struck from behind by Defendant Theobalt's tractor-trailer.

12.      As a direct and proximate result of the collision, Plaintiff sustained personal injuries to his neck, back, spine, and other parts of his body.

13.     Defendant Theobalt's actions and omissions proximately and directly caused the injuries to Plaintiff.

14.     At all relevant times, Defendant Theobalt was acting in the course and scope of his employment with Defendant Lindamood and acting in furtherance of a mission for Defendant Lindamood's benefit and subject to its control.

15.     Additionally, Defendant Theobalt was driving a vehicle owned and maintained by Defendant Lindamood and was operating the vehicle under Defendant Lindamood's commercial operating authority.

## COUNT ONE
## NEGLIGENCE AND GROSS NEGLIGENCE AGAINST ALL DEFENDANTS

Plaintiff adopts and incorporates by reference the allegations contained in the paragraphs above and further alleges and states as follows:

16.     On June 12, 2020, Defendant Theobalt was negligent and grossly negligent in the operation of his tractor-trailer.

17.     Plaintiff sustained injuries because of Defendants' negligence and gross negligence when Defendants:

- Failed to execute a proper lane change;

- Failed to maintain a safe distance;

- Failed to pay attention to the roadway;

- Failed to yield the right of way;

- Failed to operate the vehicle safely;

- Failed to properly supervise its employees;

- Failed to properly train its employees;

- Failed to prudently supervise the job;

- Failed to follow applicable state and federal rules and regulations, including but not limited to the Federal Motor Safety Carrier Regulations; and

- Other acts deemed negligent and grossly negligent.

18.    On balance, Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries

19.    As a result of Defendants' negligence and gross negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injuries.

20.    Additionally, Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## COUNT TWO
## NEGLIGENCE *PER SE* AGAINST ALL DEFENDANTS

Plaintiff adopts and incorporates by reference the allegations contained in the paragraphs above and further alleges and states as follows:

21.    Defendants' conduct, described herein, constitutes an unexcused breach of duty imposed by the Oklahoma Rules of the Road.

22.    Specifically, Defendants' conduct violated the following statutes:

- 47 O.S. § 11-304 (failed to execute a proper lane change);

- 47 O.S. § 11-309 (failed to execute a proper lane change);

- 47 O.S. § 11-310 (failed to maintain a safe distance);

- 47 O.S. § 11-604 (failed to execute a proper lane change and improper use of turn signals);

- 47 O.S. § 11-901 (reckless driving);

- 47 O.S. § 11-901b (failed to devote full time and attention to roadway while driving); and

- 47 O.S. § 6-307 (negligent entrustment of tractor-trailer).

23.    Plaintiff is a member of the class that the aforementioned sections of the Oklahoma Rules of the Road were designed to protect

24.    Defendants' unexcused breach of the duties imposed by the aforementioned sections of the Oklahoma Rules of the Road proximately caused Plaintiff's injuries described herein.

## **COUNT THREE**
## **CLAIM OF *RESPONDEAT SUPERIOR* AGAINST DEFENDANT LINDAMOOD**

Plaintiff adopts and incorporates by reference the allegations contained in the paragraphs above and further alleges and states as follows:

25.    At the time of the collision and immediately prior thereto, Defendant Theobalt was acting either in the course and scope of his employment with Defendant Lindamood, or as an agent of or on behalf of Defendant Lindamood.

26.    At the time of the collision and immediately prior thereto, Defendant Theobalt was engaged in the furtherance of Defendant Lindamood's business.

27.     At the time of the collision and immediately prior thereto, Defendant Theobalt was engaged in accomplishing a task for which Defendant Lindamood was employed.

28.     Defendant Lindamood is vicariously liable for the negligence of Defendant Theobalt by virtue of the doctrine of *respondeat superior*.

29.     Additionally, at the time of the collision and immediately prior thereto, any acts and/or omissions committed by an agent, representative or employee of Defendant Lindamood, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant Lindamood.

30.     Therefore, Defendant Lindamood is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## COUNT FOUR
## NEGLIGENT HIRING AGAINST DEFENDANT LINDAMOOD

Plaintiff adopts and incorporates by reference the allegations contained in the paragraphs above and further alleges and states as follows:

31.     Plaintiff sustained injuries as a result of Defendant's negligent hiring because of Defendant's:

- Failure to conduct a reasonable and adequate interview of Defendant Theobalt as a potential employee;

- Failure to properly follow up on information not provided by Defendant Theobalt in the interview process;

- Failure to conduct a proper employment and background check;

- Failure to comply with applicable Federal Motor Carrier Safety Regulations;

- Failure to sufficiently investigate Defendant Theobalt's training, prior employment, criminal record, and past;

- Failure to perform the required screening, testing, and physical of Defendant Theobalt;

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Oklahoma; and

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

## COUNT FIVE
## NEGLIGENT TRAINING AGAINST DEFENDANT LINDAMOOD

Plaintiff adopts and incorporates by reference the allegations contained in the paragraphs above and further alleges and states as follows:

32.    Plaintiff sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to Defendant Theobalt;

- Failure to provide the necessary training to Defendant Theobalt regarding driving this vehicle, vehicle safety, safety classes, how to

properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations;

- Failure to properly train its drivers regarding all aspects of driver safety;

- Failure to properly train and educate its drivers on applicable Federal Motor Carrier Safety Regulations;

- Failure to train its employees, including Defendant Theobalt, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances;

- Failure to provide and/or require regular follow-up driver education and training; and

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

## COUNT SIX
## NEGLIGENT SUPERVISION, RETENTION, AND MONITORING AGAINST DEFENDANT LINDAMOOD

Plaintiff adopts and incorporates by reference the allegations contained in the paragraphs above and further alleges and states as follows:

33.    Plaintiff sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor Defendant Theobalt to make sure that he was complying with policies and procedures;

- Failure to interview and test Defendant Theobalt to make sure he had read, and was familiar with, understood, and followed the company policies and procedures;

- Failure to implement proper policies and procedures for its employees, including Defendant Theobalt, regarding driver safety and vehicle safety;

- Failure to document and make a determination regarding fault in the accident made the basis of this suit;

- Failure to supervise Defendant Theobalt to insure that he was keeping the vehicle properly maintained; and

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

## <u>COUNT SEVEN</u>
## <u>NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT LINDAMOOD</u>

Plaintiff adopts and incorporates by reference the allegations contained in the paragraphs above and further alleges and states as follows:

34.    Plaintiff sustained injuries as a result of Defendant's negligent entrustment because Defendant:

- Provided a vehicle and/or authority to Defendant Theobalt who was not properly trained and did not have the proper education, background,

training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

## COUNT EIGHT
## RATIFICATION AGAINST DEFENDANT LINDAMOOD

Plaintiff adopts and incorporates by reference the allegations contained in the paragraphs above and further alleges and states as follows:

35.     Defendant is responsible for the negligence and gross negligence of its driver under the theory of ratification because Defendant:

- Retained Defendant Theobalt after he committed the underlying tortious acts;

- Knew of Defendant Theobalt's tortious acts;

- Recognized that Defendant Theobalt will likely continue to be negligent if he is retained;

- Recognized that Defendant Theobalt will likely continue to be grossly negligent if he is retained;

- Failed to take adequate measures to prevent Defendant Theobalt from committing future tortious acts; and

- Otherwise adopted, confirmed, or failed to repudiate Defendant Theobalt's negligent and grossly negligent conduct after Defendant Lindamood gained knowledge of the conduct.

36.     As a result of Defendant Theobalt's negligent and grossly negligent conduct, which Defendant Lindamood ratified, Plaintiff suffered severe physical injury. Plaintiff is

entitled to recover for his injury. Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## DAMAGES

37.     The foregoing acts and/or omissions of Defendants, whether singularly or in combination, were the direct and proximate cause of the damage sustained by Plaintiff. These damages include, but are not limited to, all allowable damages permitted under the law.

38.     Defendants' actions individually and/or vicariously constitute a reckless, willful and wanton conduct that created an unreasonably dangerous condition without regard to the safety of the public and specifically to Plaintiff. Such conduct was contumacious to the laws of the State of Oklahoma and warrants punitive damages in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff demands judgment against Defendants for an amount which is fair and reasonable in excess of $75,000.00, punitive damages in excess of $75,000.00, attorney's fees and costs, and interest herein incurred and expended, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**ATTORNEY'S LIEN CLAIMED**

**JURY TRIAL DEMANDED**

  /s/ Greg S. Keogh
Nathan D. Rex, OBA #31694
Greg S. Keogh, OBA #33933
PARRISH DEVAUGHN, PLLC
7 Mickey Mantle, Second Floor
Oklahoma City, OK 73104
405-444-4444
405-232-0058 (f)
Nate@parrishdevaughn.com
Greg@parrishdevaughn.com

**AND**

*/s/ Logan Wexler*
Jason Itkin
PHV Anticipated
jitkin@arnolditkin.com
Caj Boatright
PHV Anticipated
cboatright@arnolditkin.com
Roland Christensen
PHV Anticipated
rchristensen@arnolditkin.com
Logan Wexler
PHV Anticipated
lwexler@arnolditkin.com
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

***Attorneys for Plaintiff***