IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CECIL WAYNE GREGORY,            ) | |
| )| |
| Plaintiff,            ) | |
| )| |
| v.            ) | No. CIV-22-327-R |
| )| |
| LINDAMOOD HEAVY HAULING, INC.,            ) | |
| a foreign for-profit corporation;            ) | |
| and JOHN RYAN THEOBALT,            ) | |
| an individual,            ) | |
| )| |
| Defendant.            ) | |

**ORDER**

Before the Court is Defendant Lindamood Heavy Hauling, Inc.'s ("Lindamood") Motion for Judgment on the Pleadings (Doc. No. 10) ("Motion"). Plaintiff Cecil Wayne Gregory filed a Response (Doc. No. 17), and Lindamood then filed a Reply (Doc. No. 18). For the reasons set forth below, the Court GRANTS Lindamood's Motion.

On or about June 12, 2020, Plaintiff drove his automobile eastbound on Interstate-240 in Oklahoma City, Oklahoma, while Defendant John Ryan Theobalt ("Theobalt") traveled directly behind in a tractor-trailer. (Doc. No. 1 ¶¶ 9–10, 14; Doc. No. 9 ¶ 4). According to the Complaint, when the vehicles were near the Pennsylvania Avenue exit, Theobalt's tractor-trailer struck Plaintiff's automobile from behind, causing Plaintiff injury. (Doc. No. 1 ¶¶ 11–12).

Plaintiff filed this action on April 19, 2022, alleging negligence, gross negligence, and negligence per se against all Defendants as well as claims for *respondeat superior*;

negligent hiring, training, supervision, retention, monitoring, and entrustment; and ratification against Lindamood. *See generally* Doc. No. 1. Lindamood then stipulated to the agency of its driver, Theobalt, imputing its liability under the theory of *respondeat superior* if Theobalt is found to be negligent. (Doc. No. 9 ¶ 10). Now, pursuant to Federal Rule of Civil Procedure 12(c), Lindamood moves for judgment on the pleadings as to all of Plaintiff's claims for direct liability against it. (Doc. No. 10 ¶ 5).

Rule 12(c) provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings "should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)). Courts in the Tenth Circuit review motions for judgment on the pleadings "using the same standard that applies to a Rule 12(b)(6) motion." *Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1302 (10th Cir. 2021) (quoting *Leiser v. Moore*, 903 F.3d 1137, 1139 (10th Cir. 2018)).

Accordingly, the Court must determine whether the pleadings "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1302–03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1303 (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). To satisfy this

plausibility standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Seale v. Peacock*, 32 F.4th 1011, 1021 (10th Cir. 2022) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). In reaching this determination, the Court must "accept all the well-pleaded allegations of the complaint as true and [ ] construe them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted) (quoting *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 700 (10th Cir. 2014)).

Lindamood moves for judgment on the pleadings as to "Plaintiff's claims of negligent hiring, training, supervision, retention, and monitoring against Lindamood." (Doc. No. 10 at 8). Lindamood argues that pursuant to the Oklahoma Supreme Court's decision in *Jordan v. Cates*, 935 P.2d 289 (Okla. 1997), Plaintiff cannot bring such claims for direct liability against Lindamood because Lindamood stipulated to its liability under the theory of *respondeat superior*. (Doc. No. 10 at 4, 8).

Plaintiff, however, argues that "[n]umerous Oklahoma state and federal trial courts have applied an impermissibly expansive interpretation of the limited holding in *Jordan*," and that the Oklahoma Supreme Court's subsequent decision in *Fox v. Mize*, 428 P.3d 314 (Okla. 2018), "limited [*Jordan*] to cases involving an intentional tort or battery committed by an employee." (Doc. No. 17 at 5–6). Additionally, Plaintiff claims that, pursuant to Rules 8(d)(2) and 8(d)(3) of the Federal Rules of Civil Procedure, "a plaintiff is entitled to pursue multiple, alternative theories of recovery." (*Id.* at 10–11).

In *Jordan*, the Oklahoma Supreme Court held that in cases "where the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine . . . any

3

other theory for imposing liability on the employer [becomes] unnecessary and superfluous." 935 P.2d at 293. *See also N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999) ("Employers may be held liable for negligence in hiring, supervising or retaining an employee . . . . if vicarious liability is not established."). However, "[r]ecogniz[ing] the tension in [its] case law," *Fox*, 428 P.3d at 322 n.12, the Court later held that because "an employer's liability for negligently entrusting a vehicle to an unfit employee is a separate and distinct theory of liability from that of an employer's liability under the respondeat superior doctrine," "[a]n employer's stipulation that an accident occurred during the course and scope of employment does not, as a matter of law, bar a negligent entrustment claim," *id.* at 322. While *Fox* calls the breadth of the *Jordan* decision into question, with the Court purportedly limiting *Jordan* to its facts, *id.* at 322 n.12, the *Fox* Court ultimately took pains to limit its decision to negligent entrustment claims. *Id.* at 322 (finding that "we need not determine whether a negligent hiring claim should be treated differently than a negligent entrustment claim" because the issue was not on appeal).

As numerous judges in this District have repeatedly concluded, *Jordan* remains good law, and this Court is obliged to follow it.[1] *See Thurmond v. CRST Expedited, Inc.*,

---

[1] *See Sinclair v. Hembree & Hodgson Constr., L.L.C.*, No. CIV-18-938-D, 2020 WL 3965010, at *3 n.4 (W.D. Okla. July 13, 2020) ("*Jordan v. Cates* has not been overruled and remains good law, and the Court must follow it."); *Estate of Ratley ex rel. Ratley v. Awad*, No. CV-19-00265-PRW, 2021 WL 1845497, at *4 (W.D. Okla. May 7, 2021) ("Though roundly criticized, now 'limited to its facts,' and ripe for reconsideration, courts continue to recognize *Jordan v. Cates* as good law requiring dismissal of negligent hiring, training, supervision, and retention claims where the employer admits the employee acted in the scope of their employment."); *Sykes v. Bergerhouse*, No. CIV-20-333-G, 2021 WL 966036, at *3 (W.D. Okla. Mar. 15, 2021) (agreeing "that *Jordan* remains viable"); *Annese v. U.S. Xpress, Inc.*, No. CIV-17-655-C, 2019 WL 1246207, at *3 (W.D. Okla. Mar. 18, 2019) ("[*Jordan*] still remains good law and, in applying Oklahoma law, this Court is bound to follow it."); *Njuguna v. C.R. England, Inc.*, No. CV-19-379-R, 2020 WL 6151567, at *3 (W.D. Okla. Oct. 20, 2020) (noting "the Court's obligation to follow *Jordan* when it is applicable"); *CTC, Inc. v. Schneider Nat'l Inc.*, No. CIV-20-1235-F, 2021 WL 2295512, at *2 n.3 (W.D. Okla. June

No. CIV-18-1142-R, 2019 WL 6311996, at *1 (W.D. Okla. Nov. 25, 2019) (discussing *Jordan* and *Fox*, then "maintain[ing] the prior status of the law that claims for negligent hiring, training, and supervision are superfluous, where, as here, the employer has stipulated that its employee was acting within the scope of employment at the time of the accident").

Regarding Plaintiff's claim that *Fox* limited *Jordan* to apply only to intentional torts, this Court has previously stated that it "cannot conceive of the nature of the tort as dispositive" because "[t]here is no logic to the notion that an employer would be directly liable for negligent hiring if its employee acted negligently, but not be liable if it negligently hires a person with a lengthy history of violence and the employee assaults a customer." *Cardenas v. Ori*, No. CIV-14-386-R, 2015 WL 2213510, at *2 (W.D. Okla. May 11, 2015). While the *Fox* decision "in word" limited *Jordan* to its facts, ultimately, the Oklahoma Supreme Court in that case "merely declin[ed] to extend the holding in *Jordan* to claims for negligent entrustment." *Estate of Ratley ex rel. Ratley v. Awad*, No. CV-19-00265-PRW, 2021 WL 1845497, at *4 n.24 (W.D. Okla. May 7, 2021).[2]

---

4, 2021) ("Although *Fox* suggests the Oklahoma Supreme Court might back further away from *Jordan*, so far the Court has not done so.").

[2] Plaintiff unpersuasively relies on two outlier cases to support his proposition that this Court's interpretation of *Jordan* is "impermissibly expansive." (Doc. No. 17 at 5). In the first, *Ramiro R. v. J.B. Hunt Transp. Servs., Inc.*, No. 23, CIV-04-1033-M, at 5 (W.D. Okla. Apr. 8, 2005), the court determined that the "narrower language of [*Jordan*'s] syllabus" referencing the battery underlying that case suggested that "the holding in *Jordan* is limited to cases involving intentional torts." This Court agrees with later decisions rejecting the *Ramiro R.* court's interpretation of *Jordan*. *See, e.g.*, *Payne v. Sesley Trucking, LLC*, No. CIV-16-1235-F, 2017 WL 11139577, at *4 n.8 (W.D. Okla. Oct. 24, 2017) While "the [*Jordan*] Court clearly 'limited [its holding] to those situations where the employer stipulates that liability, if any, would be under the respondeat superior doctrine,' it did not simultaneously limit its holding only to intentional torts." (quoting *Jordan*, 935 P.2d at 293)).

Plaintiff's second case, *Stalnaker v. Three Bros. Transp., LLC*, 20-CV-00140-JED-CDL (N.D. Okla. Jan. 31, 2022), hinged on the Northern District of Oklahoma's prediction as to how the Oklahoma Supreme Court would rule if presented the opportunity to review its *Jordan* decision. (Doc. No. 10 at 7). "To properly discern the content of state law, we 'must defer to the most recent decisions of the state's highest court.'" *Kokins v. Teleflex, Inc.*, 621 F.3d 1290,

5

Additionally, the Court rejects Plaintiff's argument that the Federal Rules of Civil Procedure entitle him to pursue claims of direct liability against Lindamood as "multiple, alternative theories of recovery." (Doc. No. 17 at 10). Plaintiff is correct that Rule 8(d)(2)–(3) of the Federal Rules of Civil Procedure entitles him to plead alternative, inconsistent causes of action, which he has done. *See generally* (Doc. No. 1). "The Court, however, is permitted to remove those claims that are superfluous in accordance with Oklahoma law as set forth above." *Cardenas*, 2015 WL 2213510, at *3.

There is no dispute that Lindamood stipulated that Theobalt was acting within the course and scope of his employment at the time of the accident. (Doc. No. 9 ¶ 10). Therefore, applying *Jordan*, the Court grants Lindamood's Motion as to Plaintiff's claims for negligent hiring, training, supervision, retention, and monitoring.

Next, Lindamood asks the Court to dismiss Plaintiff's negligent entrustment claim for failure to state a plausible claim under the pleading standard articulated by the Supreme Court in *Twombly* and *Iqbal*. (Doc. No. 10 at 8). In Oklahoma, an actionable claim for negligent entrustment of an automobile exists when (1) "a person who owns or has possession and control of an automobile allowed another driver to operate the automobile," (2) "the person knew or reasonably should have known that the other driver was careless, reckless and incompetent," and (3) "an injury was caused by the careless and reckless driving of the automobile." *Green v. Harris*, 70 P.3d 866, 871 (Okla. 2003). As to the second element, Lindamood argues that Plaintiff's Complaint "contains no factual content

---

1295 (10th Cir. 2010) (quoting *Sylvia v. Wisler*, 875 F.3d 1307, 1313 (10th Cir. 2017)). As discussed above, this Court interprets *Fox*, the Oklahoma Supreme Court's most recent decision on the matter, as merely extending *Jordan* to claims for negligent entrustment, not as limiting that decision to apply only to intentional torts.

regarding employee Theobalt's driving history, his propensity to drive unsafely, or any facts tending to show Lindamood knew or should have known of such propensity." (Doc. No. 10 at 9) (emphasis removed). In response, Plaintiff argues that he did not allege such factual content "[b]ecause this information is only in Defendants' possession" and the relevant facts "are not presently known to Plaintiff." (Doc. No. 17 at 14). Thus, according to Plaintiff, "whether Plaintiff can meet his burden of proof on his negligent entrustment claim against Defendant should only be evaluated after the opportunity for discovery." (*Id.*).

The Court agrees with Lindamood and finds that Plaintiff has failed to state a plausible claim. The only allegation Plaintiff offers in support of his negligent entrustment claim is that Lindamood "[p]rovided a vehicle and/or authority to Defendant Theobalt who was not properly trained and did not have the proper education, background, training or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver." (Doc. No. 1 ¶ 34). Without more, this claim does not allege sufficient factual matter to constitute a plausible claim that Lindamood knew or should have known that Theobalt was a careless, reckless, or incompetent driver.

Further, the Court is unpersuaded by Plaintiff's claim that he requires the "opportunity for discovery" to acquire enough factual information to put forth a plausible claim. While the *Twombly/Iqbal* standard "does not require detailed factual allegations" in the complaint, it nevertheless "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Equal Emp. Opportunity Comm'n v. Roark-Whitten Hosp. 2, LP*, 28 F.4th 136, 150 (10th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678–79).

7

Because Plaintiff asserts no factual allegations establishing that Lindamood knew or should have known that Theobalt was careless, reckless, or incompetent, the Court grants Lindamood's Motion as to Plaintiff's negligent entrustment claim.

Finally, Lindamood argues that Plaintiff's ratification claim against Lindamood also fails to state a claim under the *Twombly/Iqbal* standard. (Doc. No. 10 at 10). The Complaint alleges that Lindamood "is responsible for the negligence and gross negligence of its driver under the theory of ratification" because Lindamood "[k]new of Defendant Theobalt's tortious acts," "[r]ecognized that Defendant Theobalt will likely continue to be negligent if he is retained," "[f]ailed to take adequate measures to prevent Defendant Theobalt from committing future tortious acts," and "[o]therwise adopted, confirmed, or failed to repudiate Defendant Theobalt's negligent and grossly negligent conduct after Defendant Lindamood gained knowledge of the conduct." (Doc. No. 1 ¶ 35). The Court agrees and finds that Plaintiff has failed to state a plausible claim for ratification.[3]

In Oklahoma, "[r]atification is defined as the giving of sanction and validity to something done by another." *Shephard v. CompSource Oklahoma*, 209 P.3d 288, 293 (Okla. 2009). Ratification requires that one person acting on behalf of another "assumed to act as his agent in doing the act . . . without authority to do so," and for ratification to be "valid and binding," "it is essential that the principal have full knowledge of all material

---

[3] The parties dispute whether an independent cause of action exists under a theory of ratification. (Doc No. 10 at 10; Doc. No. 17 at 15). It appears likely that Lindamood correctly asserts that ratification "is a function of Oklahoma's vicarious liability law, used to impose liability on corporations for a variety of torts committed by their agents." (Doc. No. 10 at 10) (quoting *Gray v. Feed the Children, Inc.*, No. CIV-09-662-D, 2010 WL 11607322, at *2 (W.D. Okla. May 21, 2010)). Ultimately, the Court need not decide this issue because, even assuming such a cause of action exists, the agent's unauthorized use and the principal's knowledge are requisite elements for ratification, and Plaintiff has not pleaded sufficient factual allegations as to both of these elements.

facts and circumstances relative to the unauthorized act or transaction." *Amazon Fire Ins. Co. v. Bond*, 165 P. 414, 418 (Okla. 1917).

Because Plaintiff makes no allegation that Theobalt was acting without Lindamood's authorization, Plaintiff has failed to put forth a plausible claim that Lindamood ratified Theobalt's allegedly tortious conduct. Ratification is the "after-the-fact sanctioning of the otherwise unauthorized actions of another party," *Gray v. Feed the Children, Inc.*, 2010 WL 11607322, at *2 (W.D. Okla. May 21, 2010), but in this case, Lindamood acknowledges that at the time of the accident, Theobalt "was acting within the course and scope of his employment with [Lindamood]," (Doc. No. 9 ¶ 10). Lindamood's stipulation to vicarious liability negates Plaintiff's ratification claim because, at the time of the accident, Theobalt acted as Lindamood's agent with the company's express authorization to do so. Therefore, the Court grants Lindamood's Motion as to Plaintiff's ratification claim.

For these reasons, the Court GRANTS Lindamood's Motion for Judgment on the Pleadings. (Doc. No. 10). Accordingly, the Court DISMISSES Plaintiff's claims against Lindamood for ratification and negligent hiring, training, supervision, retention, and monitoring, and DISMISSES WITHOUT PREJUDICE his claim for negligent entrustment.

IT IS SO ORDERED this 15th day of July 2022.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE