IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CECIL WAYNE GREGORY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-22-327-R |
| | ) |
| JOHN RYAN THEOBALT; and | ) |
| LINDAMOOD HEAVY HAULING, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion to Exclude Plaintiff's Expert Witness Kenneth McCoin. [Doc. 60]. After reviewing the associated Response [Doc. 65], Reply [Doc. 69], and hearing oral argument, the issue is ripe for adjudication. Defendants' motion is GRANTED in part.

"Where the injury is obscure, as here, a loss of future earnings capacity must be established by expert medical testimony in order to avoid pure speculation on the part of the jury." *Parra v. Atchison, Topeka, and Santa Fe Ry. Co.*, 787 F.2d 507, 509 (10th Cir. 1986) (citing *Curtis v. General Motors Corp.*, 649 F.2d 808, 813 (10th Cir. 1981)). *Id.* Based upon the record before the Court and oral argument by parties, it is apparent that Plaintiff cannot proffer, via expert medical testimony, that Mr. Gregory's injury affected his future earning capacity. Without any such basis, Dr. McCoin's expert testimony valuing Mr. Gregory's future earning capacity is irrelevant and of no aid to the jury. Therefore,

McCoin's testimony as to Mr. Gregory's future earning capacity will be excluded. Defendants' motion is GRANTED in this respect.

Mr. Gregory's reduced ability to work from his injury until today and his inability to perform household services does not require similar expert testimony. Mr. Gregory's testimony as to his loss of these abilities is sufficient to allow Dr. McCoin's valuations of these abilities to be presented to the jury. Defendants are entitled to cross-examine both Mr. Gregory and Dr. McCoin on the issue. Thus, Defendants' motion is DENIED in this respect.

**IT IS SO ORDERED** this 3rd day of October 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE